**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DALE SPEARS,

        Plaintiff,

vs.                                  CASE NO. _____

MERCANTILE ADJUSTMENT
BUREAU, LLC,

        Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Dale Spears is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4. Defendant, Mercantile Adjustment Bureau, LLC is a foreign limited liability company organized and existing under the laws of the State of New York with its principal place of business and corporate offices in Williamsville, New York 14221.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. Defendant left the following message(s) on Plaintiff's voice mail on his cellular telephone on or about the date(s) stated:

> October 15, 2014 at 6:29 PM
> This message is for Dale Spears. If you're not Dale Spears please disconnect this call. By continuing to listen to this message, you acknowledge you are Dale Spears. This is David Nikon from Mercantile Adjustment Bureau; please contact me about an important personal business matter at 1-866-513-9461 extension 325.

11. The Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding

that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal. 2005) (same).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

## COUNT I
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)

14. Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

15. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. § 1692e(11). See Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 WL 1992410 (M.D. Fla. 2006); Leyse v. Corporate Collection Servs., 2006 WL 2708451 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses, and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT II
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

16. Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

17. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of its communication in the telephone message in violation of 15 U.S.C. § 1692d(6). *See* Valencia v. The Affiliated Group, Inc., 2008 WL 4372895 (S.D. Fla. 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 597 (N.D.Ga. 1982); Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp.2d 1104, 1112 (D.Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses, and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    */s/ James S. Giardina*
    [ X] James S. Giardina – Trial Counsel
    Fla. Bar No. 0942421
    [  ] Kimberly H. Wochholz
    Fla. Bar No. 0092159
    The Consumer Rights Law Group, PLLC
    3104 W. Waters Avenue, Suite 200
    Tampa, Florida 33614-2877
    Tel: (813) 435-5055 ext 101
    Fax: (866) 535-7199
    James@ConsumerRightsLawGroup.com
    Kim@ConsumerRightsLawGroup.com
    Counsel for Plaintiff